UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KAREN QUINLAN nee BETZLER and    No. 2:11-cv-00986-MCE-EFB
BOB BETZLER,

       Plaintiffs,

  v.                                **MEMORANDUM & ORDER**

CITIMORTGAGE, INC. et al.,

       Defendants.

----oo0oo----

Plaintiffs Karen and Bob Betzler ("Plaintiffs") seek redress from Defendants Citimortgage, Inc., GC Services Limited Partnership ("GC Services"), Allied International Credit Corp., and Nationwide Credit Recovery (collectively, "Defendants") regarding a debt collection originating from a mortgage loan in Plaintiff Karen Betzler's name.  Specifically, Plaintiffs allege that, in connection with the loan, Defendants violated various state laws and the Fair Debt Collection Practices Act ("FDCPA").

///

///

1

Defendant GC Services filed a Motion to Dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure[1] Rule 12(b)(6) (ECF No. 5). Plaintiff filed a timely opposition to Defendant's motion, and a hearing on the matter was conducted before this Court on June 9, 2011. For the reasons stated below, Defendant GC Services' Motion to Dismiss is granted.

## BACKGROUND[2]

Plaintiffs are husband and wife. As stated above, Plaintiff Karen Betzler executed a home mortgage loan for approximately $7,000 in March 1999. The language of the mortgage, originally financed by the California Rural Home Mortgage Finance Authority (not a party to the instant suit), specifically stated that any balance left on the loan after ten years was to be "forgiven free and clear." At some point the loan was transferred to Defendant Citimortgage, Inc. After 2009, Defendants began demanding payment from Plaintiffs, even though the loan was fully discharged and no monies were due. Plaintiffs specifically allege that Defendant GC Services contacted Defendants in January 2010 and "continued to contact" them to demand payment on the loan.

///
///
///
///

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.
[2] The factual assertions in this section are based on the allegations in Plaintiffs' Complaint unless otherwise specified.

**STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted).

Though "a complaint attacked by a Rule 12(b)(6) motion" need not contain "detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 2869 (1986)). A plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." Id. (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) ("[T]he pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).
///
///
///
///

1    Further, "Rule 8(a)(2)...requires a 'showing,' rather than a
2 blanket assertion, of entitlement to relief.  Without some factual
3 allegation in the complaint, it is hard to see how a claimant could
4 satisfy the requirements of providing...grounds on which the claim
5 rests."  Twombly, 550 U.S. at 555 n.3 (internal citations omitted).
6 A pleading must then contain "only enough facts to state a claim to
7 relief that is plausible on its face."  Id. at 570.  If the
8 "plaintiffs...have not nudged their claims across the line from
9 conceivable to plausible, their complaint must be dismissed."  Id.
10   Once the court grants a motion to dismiss, they must then
11 decide whether to grant a plaintiff leave to amend.  Rule 15(a)
12 authorizes the court to freely grant leave to amend when there is
13 no "undue delay, bad faith, or dilatory motive on the part of the
14 movant."  Foman v. Davis, 371 U.S. 178, 182 (1962).  In fact, leave
15 to amend is generally only denied when it is clear that the
16 deficiencies of the complaint cannot possibly be cured by an
17 amended version.  See DeSoto v. Yellow Freight Sys., Inc., 957 F.2d
18 655, 658 (9th Cir. 1992); Balistieri v. Pacifica Police Dept.,
19 901 F. 2d 696, 699 (9th Cir. 1990) ("A complaint should not be
20 dismissed under Rule 12(b)(6) unless it appears beyond doubt that
21 the plaintiff can prove no set of facts in support of his claim
22 which would entitle him to relief.") (internal citations omitted).
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**ANALYSIS**

Both in the pleadings and during oral argument, the parties addressed two material issues: (1) whether Plaintiff Bob Beltzer has standing under the Fair Debt Collection Practices Act to sue as the spouse of Plaintiff Karen Beltzer, who was the sole individual named on the loan; and (2) whether Plaintiffs' allegations of violations of the FDCPA satisfied the statute of limitations under the statute.

The FDCPA was enacted to prevent abusive, "deceptive and unfair debt collection practices." 15 U.S.C. § 1692(a). The term "debt collector" is defined as "any person who uses any instrumentality...in any business the principal purpose of which is the collection of any debts." Id. § 1692(a)(6)(a). The definition excludes any person who collects debt "to the extent such activity...(i)concerns a debt which was originated by such person; or (ii) concerns a debt which was not in default at the time it was obtained by such person." Id.  § 1692(a)(6)(f). As a result, the FDCPA does not extend to cover the "consumer's creditors, a mortgage servicing company, or any assignee of the debt, so long as the debt was not in default at the time it was assigned." Nool v. HomeQ Servicing, 653 F. Supp. 2d 1047, 1053 (E.D. Cal. 2009) (quoting Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985)).

A "consumer" is defined as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). Any "debt collector who fails to comply with any provision" of the statute is liable for damages. Id. § 1692k(a).

5

An action to enforce liability requires that a plaintiff bring suit within "one year from the date on which the violation occurs." Id. § 1692k(d).

### A.  Plaintiff Bob Beltzer's Standing.

Section 1692c of the FDCPA particularly requires that a debt collector not "communicate with a consumer in connection with the collection of any debt" in a myriad of forbidden circumstances, including phoning a debtor/consumer's place of business or phoning during an "unusual time or place." Id. § 1692c(a). For purposes of section 1692c only, the term "consumer" includes the debtor/consumer's spouse, parent, or other authorized party. Id. § 1692c(d).

Defendant GC Services contends that Plaintiff Bob Beltzer lacks standing because he was not a borrower on the loan, nor had he assumed any obligation of the note. However, the Court concurs with Plaintiffs' analysis of section 1692c, and interprets the statute as incorporating a debt collector's liability on a debtor/consumer's spouse.

Since the FDCPA clearly enumerates that civil liability may attach to any collector who fails to comply with any provision of the statute, it stands to follow that Plaintiff Bob Beltzer has a right of action against Defendants for violation of the FDCPA as it directly applies to him. Therefore, Plaintiff has standing as to claims regarding the violation of section 1692c only.

///

///

The Court declines to extend his standing further, since the statute's applicability otherwise only applies to Plaintiff Karen Beltzer since she alone was obligated to pay the mortgage loan.

### B.   Statute of Limitations

However, even if both Plaintiffs have sufficient standing to sue Defendants, there is no indication from the Complaint that Defendant GC Services contacted or otherwise violated the FDCPA within the allotted statutory period.  Plaintiffs filed their complaint on April 13, 2011.[3]  Therefore, to allege a proper violation of the FDCPA, and by extension demonstrate proper standing for the case to commence in federal court, Plaintiffs must demonstrate on the face of the Complaint that Defendant GC Services contacted Plaintiffs or otherwise engaged in conduct prohibited by the statute on or before April 13, 2010.  The Court cannot elicit any specific facts from the Complaint to determine the above, and as such the Complaint fails to meet the pleading standards under Rule 8 and Twombly.  See supra.

///
///
///
///
///
///
///

---

[3] The case was filed under original federal jurisdiction based upon violations of the FDCPA.

# CONCLUSION

For the reasons stated above, Defendant GC Services' Motion to Dismiss (ECF No. 5) is granted with leave to amend. Plaintiffs may file an amended complaint not later than twenty (20) days after the date this Memorandum and Order is filed electronically. If no amended complaint is filed within said twenty (20)-day period, without further notice, Plaintiffs' claims against GC Services will be dismissed without leave to amend.

IT IS SO ORDERED.

Date: June 20, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE