UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----

KAREN QUINLAN aka KAREN BETZLER, an individual; BOB BETZLER, an individual,

    Plaintiffs,

v.

CITIMORTGAGE, INC., a New York Corporation; GC SERVICES LIMITED PARTNERSHIP, a Delaware Partnership; ALLIED INTERNATIONAL CREDIT CORP., a Canadian Corporation; and NATIONWIDE CREDIT RECOVERY, a California Corporation,

    Defendants.

No. 2:11-cv-00986-MCE-EFB

MEMORANDUM AND ORDER

----oo0oo----

    Presently before the Court is a Motion to Dismiss filed on behalf of behalf of Defendant Citimortgage, Inc. ("CMI"). CMI's Motion is brought on grounds that the claims asserted against it in Plaintiffs' Second, Third, Fourth, Fifth and Seventh claims for relief are uncertain and fail to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

1

As set forth below, CMI's Motion will be granted in part and denied in part.[1]

**BACKGROUND**

According to Plaintiffs' First Amended Complaint ("FAC"),[2] Plaintiff Karen Quinlan obtained a home mortgage loan in the amount of $7,152.15 on or about March 18, 1999.  Under the terms of the operative promissory note, "[b]eginning on the tenth anniversary from the date [of the note], all principal and deferred interest repayment obligations shall be forgiven free and clear."  FAC, ¶ 11.

At some point before the loan's tenth anniversary, the instrument was transferred to CMI.  Plaintiffs allege that in contravention of the terms of the note, CMI contacted them demanding repayment of the note after March 18, 2009.  CMI threatened to accelerate the alleged amount due and report the note as delinquent to national credit bureaus.  On April 23, 2009, however, Plaintiffs claim they spoke to a CMI representative, Troy Goddard, who stated that no balance was due and confirmed that the debt had been forgiven.

///
///
///

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).

[2] All factual allegations contained within this section are taken from Plaintiffs' FAC unless otherwise specified.

2

Although Plaintiffs accordingly believed the issue had been resolved, only a few months later they began to receive contacts from debt collection agencies demanding full repayment of the $7,152.15 principal balance on the loan. Plaintiffs allege that they were contacted by some three different agencies between September 15, 2009 and July 19, 2010. Plaintiffs claim that the debt collection agencies acted on behalf of CMI, alleging that "each of the Defendants were the agents, servants and employees of each and every one of the other Defendants." FAC, ¶ 7.

Plaintiffs filed the instant action on April 13, 2011 and allege a variety of state and federal claims against both CMI and two of the involved debt collection agencies, Defendants Allied International Credit Corp. and Nationwide Credit, Inc. CMI now moves to dismiss certain of the claims Plaintiffs assert against it.

**STANDARD**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6),[3] all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 337-38 (9th Cir. 1996).

///
///
///

---

[3] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

3

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the [...] claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

   Furthermore, "Rule 8(a)(2)...requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202).

A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570.  If the "plaintiffs...have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id.  However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

    A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend.  Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant,...undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment...."  Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend).  Not all of these factors merit equal weight.  Rather, "the consideration of prejudice to the opposing party...carries the greatest weight."  Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987).  Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment."  Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint...constitutes an exercise in futility....")).

5

**ANALYSIS**

**A.   Violation Of Rosenthal Act**

California's Rosenthal Act regulates the collection of "consumer debts", which are defined as transaction pursuant to which "property, services or money is acquired on credit... primarily for personal, family, or household purposes. Cal. Civ. Code § 1788.2(e)-(f).  The limitations period for pursuing a claim premised on the Rosenthal Act is one year from the date of an alleged violation.  Id. at § 1788.30(f).

CMI argues that Plaintiffs' Second Claim for Relief, for violation of the Rosenthal Act, is time-barred because the FAC, as currently constituted, does not specifically allege conduct by CMI occurring within one year before the filing of Plaintiffs' complaint on April 13, 2011.  Although there does appear to have been collection attempts by the collection agency defendants within the requisite one year period, the Court agrees that the FAC is less than clear about whether that conduct is properly attributable to CMI.  Consequently, CMI's Motion to Dismiss the Second Claim for Relief as time-barred is granted, with leave to amend.

In addition to CMI's limitation argument as discussed above, CMI argues that Plaintiff Bob Betzler is an improper party in any event because he was not a borrower on the promissory note and consequently lacks standing to pursue a Rosenthal Act claim. Inasmuch as Plaintiffs concede that point, the Motion to Dismiss the Second Claim as to Betzler is granted without further leave to amend.

6

**B.    Violation Of Consumer Credit Reporting Agencies Act**

The California Consumer Credit Reporting Agencies Act, as codified at California Civil Code section 1785.25(a), et seq. ("CCRAA"), provides in pertinent part that "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have known the information is incomplete or inaccurate." In attempting to state a claim for relief under the CCRAA, Plaintiffs simply allege that CMI "should have known that the information it furnished to consumer credit reporting agencies regarding the Plaintiffs was inaccurate." FAC, ¶ 43. Plaintiffs do not provide any further specificity as to what information was inaccurate or to which agency or agencies the allegedly improper information was provided.

While the FAC is replete with allegations concerning collection agencies retained to collect the amount of the purportedly unpaid mortgage from Plaintiffs, it is silent with respect to the details of any information provided to credit reporting agencies for purposes of establishing liability under the CCRAA. In addition, FAC is similarly devoid of any damages suffered by Plaintiffs as a result of the alleged CCRAA violations. Such damages are an essential element of a CCRAA claim. See Cal. Civ. Code section 1785.31.

Given the above-described deficiencies in the FAC, Plaintiffs' Third Claim for Relief, for violation of the CCRAA, is dismissed, with leave to amend.

///

### C. Breach Of Contract Claim

In challenging Plaintiffs' Fourth Claim for Relief, CMI alleges that Plaintiffs have not adequately identified the contract, CMI's alleged breach, and damages to Plaintiffs flowing from such breach. Plaintiffs' complaint, however, identified CMI's promissory note and quotes verbatim from that note in identifying the parties' agreement to forgive free and clear any remaining principal and deferred interest still owed on the loan's tenth anniversary. FAC, ¶ 11. Plaintiffs further allege that Quinlan performed all duties and obligations on her part for the ten years following execution of the promissory note on or about March 18, 2009. Id. at ¶ 12.

These allegations are sufficient to establish a breach of contract claim against Plaintiff Quinlan, and the FAC makes it clear that it was Quinlan who obtained the home mortgage loan obtained by CMI. There is no indication, however, with respect to how Bob Betzler has standing to assert a breach of contract claim. Consequently, while CMI's Motion is denied as to Quinlan, it is granted with respect to Plaintiff Betzler. Plaintiffs' opposition papers make no attempt to defend Betzler's breach of contract claim. Nonetheless, in what would appear to be the unlikely event that Betzler can state a viable claim in that regard, Betzler will be afforded leave to amend to rectify the current shortcomings of the FAC with respect to his own breach of contract claim.

///

///

**D.   Violation Of California Business And Professions Code**

For a Fifth Claim for Relief, Plaintiffs allege that CMI violated the provisions of California Business and Professions Code section 17200 by, <u>inter alia</u>, attempting to collect debts not owed, selling or assigning a debts not owed to debt collection agencies, and reporting the non-payment of debts not owed to credit reporting agencies.  Plaintiffs claim that such conduct constitutes unlawful, unfair or fraudulent business acts or practices proscribed by Section 17200.  FAC, ¶¶ 55-56.

CMI argues that Plaintiffs have not pled their Fifth Claim with enough particularity, and claim that Plaintiffs in essence have alleged no more than legal conclusions unsupported by any facts.  In addition, CMI points out that standing to bring a claim also hinges on injury in fact as a result of the alleged unfair competition.  <u>See</u> <u>Vega v. JPMorgan Chase Bank, N.A.</u>, 654 F. Supp. 2d 1104, 1117 (E.D. Cal. 2009), citing Cal. Bus. & Prof. Code § 17204.

Because the Court finds that there are no allegations detailing the requisite injury, the Fifth Claim fails on that ground alone.  Plaintiffs will, however, be accorded leave to amend.

**E.   Invasion Of Privacy**

CMI attacks Plaintiffs' Seventh and Final Claim for Relief, for Invasion of Privacy, largely on grounds that the basis for Plaintiffs' alleged privacy claim is fatally elusive.

9

CMI also points out that under California Civil Code section 1785.32, "no consumer shall bring any action or proceeding in the nature of... invasion of privacy with respect to.... any person who furnishes information to a consumer reporting agency.... except as to false information furnished with malice or willful intent to injure such consumer."  CMI appears to allege, but does not specifically state, that the requisite malice or willful intent is missing in this case even if Plaintiffs could otherwise state a viable invasion of privacy claim.  Plaintiffs, on the other hand, point to CMI's repeated attempts to intrude into the "solitude and seclusion" of Plaintiff's home, both by written communication and by repeated phone calls, for a period over one year.  Pls.' Opp'n; 4:11-13,.

The Court agrees that Plaintiffs' invasion of privacy claim is impermissibly vague at this juncture.  Because the Court cannot altogether rule out Plaintiffs' ability to state a viable claim, however, and even a showing of malice under the circumstances, leave to amend the invasion of privacy claim will be permitted.

**CONCLUSION**

As set forth above, CMI's Motion to Dismiss is GRANTED, with leave to amend, as to the Second, Third, Fifth and Seventh Claims for Relief.  CMI's Motion to Dismiss the Fourth Claim for Relief, for breach of contract, is denied as to Plaintiff Quinlan but granted as to Plaintiff Betzler, without leave to amend.
///

10

Plaintiffs may file a Second Amended Complaint, should they choose to do so, not later than ten (10) days following the date this Memorandum and Order is filed.

IT IS SO ORDERED.

Dated: November 2, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE