UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KAREN QUINLAN aka KAREN BETZLER, an individual;
BOB BETZLER, an individual,

    Plaintiffs,

 v.

CITIMORTGAGE, INC., a New York Corporation; ALLIED INTERNATIONAL CREDIT CORP., a Canadian Corporation; and NATIONWIDE CREDIT, INC., a Georgia Corporation; PENTAGROUP FINANCIAL LLC, a Texas Limited Liability Company; AMERICAN CORADIUS INTERNATIONAL, LLC, a Delaware Limited Liability Company; CITIFINANCIAL, INC., a Maryland Corporation; CITIBANK, NATIONAL ASSOCIATION, a federally-chartered National Bank;

    Defendants.

No. 2:11-cv-00986-MCE-EFB

MEMORANDUM AND ORDER

----oo0oo----

///
///
///

1

Presently before the Court is a Motion to Dismiss filed on behalf of Defendant Citimortgage, Inc. ("CMI"), CITIFINANCIAL, INC.("CFI"), and CITIBANK, N.A.("CITI")(herein collectively referred to as "the CITIBANK Defendants" unless otherwise noted). The motion is brought on grounds that the Plaintiffs added new parties without proper leave of the court and that Plaintiff Quinlan's claim for violation of the Rosenthal Act against CITIBANK Defendants is time-barred and does not provide sufficient facts to establish a claim against the CITIBANK Defendants for which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In addition, the CITIBANK Defendants assert that Plaintiff Quinlan's claim for breach of contract fails against Defendants CFI and CITI because she had no contract with them. Finally, the CITIBANK Defendants submit that Plaintiffs have failed to establish the required elements of the invasion of privacy tort they attempt to allege.

As set forth below, the CITIBANK Defendants' Motion will be denied in its entirety.[1]

**BACKGROUND**

According to Plaintiffs' Third Amended Complaint ("TAC"),[2] Plaintiff Karen Quinlan obtained a home mortgage loan in the amount of $7,152.15 on or about March 18, 1999.

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

[2] All factual allegations contained within this section are taken from Plaintiffs' TAC unless otherwise specified.

Under the terms of the operative promissory note, "[b]eginning on the tenth anniversary from the date [of the note], all principal and deferred interest repayment obligations shall be forgiven free and clear."  TAC, ¶ 15.

At some point before the loan's tenth anniversary, the instrument was transferred to CMI.  Plaintiffs allege that in contravention of the terms of the note, CMI contacted them demanding repayment of the note after the ten-year period.  TAC, ¶ 19.  CMI threatened to accelerate the alleged amount due and report the note as delinquent to national credit bureaus.  On April 23, 2009, however, Plaintiffs claim they spoke to a CMI representative, Troy Goddard, who stated that no balance was due and confirmed that the debt had been forgiven.

Although Plaintiffs accordingly believed the issue had been resolved, only a few months later they began to receive contacts from debt collection agencies demanding full repayment of the $7,152.15 principal balance on the loan.  Plaintiffs allege that they were contacted by some four different agencies between September 15, 2009 and August 5, 2011.  Plaintiffs claim that the debt collection agencies acted on behalf of the CITIBANK Defendants, alleging that "At all times, the collection agencies, including Defendants Allied International Credit Corp., Nationwide Credit, Inc., Pentagroup Financial, LLC, and American Coradius International, LLC, have acted as the agents for Defendants CitiMortgage, Inc. or Citifinancial Inc. or Citibank, National Association for the purpose of collecting the debt allegedly owed by Plaintiff Karen Quinlan."  TAC, ¶ 13.
///

3

More specifically, Plaintiffs allege that the letters they received from the collection agencies represented that they were collecting the debt on behalf of each of the CITIBANK Defendants. (See TAC ¶ 26, 31, 34, 36, 41, 44.)

Plaintiffs filed the instant action on April 13, 2011, and allege a variety of state and federal claims against the three CITIBANK Defendants, as well as against four collection agencies. The CITIBANK Defendants now move to dismiss the claims that Plaintiffs have asserted.

**STANDARD**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6),[3] all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the [. . .] claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations.

///
///

---

[3] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

4

However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2). . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id.

///
///
///

5

However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

**ANALYSIS**

**A.   Adding New Parties CFI and CITI.**

Defendants assert that the Court's November 2, 2011 Order on CMI's Motion to Dismiss granted Plaintiffs leave to amend existing Claims for Relief, not permission to add new parties. Although Defendants CFI and CITI appear to argue that they are new parties, examination of the Second Amended Complaint reveals that both were included as parties. The Third Amended Complaint has only added CFI and CITI as defendants to certain additional causes of action. Such additions came within the purview of the leave to amend previously granted by the Court. Defendants' motion to dismiss on that ground accordingly fails.

**B.   Violation of the Rosenthal Act.**

California's Rosenthal Act regulates the collection of "consumer debts," which are defined as transactions pursuant to which "property, services or money is acquired on credit... primarily for personal, family, or household purposes."
///

6

Cal. Civ. Code § 1788.2(e)-(f). The limitations period for pursuing a claim premised on the Rosenthal Act is one year from the date of an alleged violation. Id. at § 1788.30(f).

### 1. **Agency Relationship**.

CITIBANK Defendants first argue that Plaintiff Quinlan's second Claim for Relief, for violation of the Rosenthal Act, fails because Plaintiffs have not adequately demonstrated an agency relationship between the collection agencies and the CITIBANK Defendants.

However, the Plaintiffs have met the pleading standard required to demonstrate that the collection agencies were in fact acting as agents on behalf of each of the CITIBANK Defendants. As stated above, the Court must view all issues of material fact in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). In doing so, the fact that the collection agencies purportedly admitted they were parties working on behalf of the various CITIBANK Defendants, coupled with the detailed information the agencies had collected presumably from those Defendants, renders it plausible that the collection agencies were in fact acting as agents on behalf of the CITIBANK Defendants in violation of the Rosenthal Act. Defendants GC Services, Allied International Credit Corporation, and Nationwide Credit Recovery, for example, all represented that they were collecting the alleged debt on behalf of CMI and demanded the exact original value of the loan. See TAC, ¶ 31, 34, 36.

Defendant Pentagroup Financial offered a settlement to Plaintiff Betzler on behalf of CFI and represented that they were collecting the alleged debt on behalf of CFI. Id. at ¶ 41. Later, Defendant Nationwide Credit Recovery indicated that they were representing Defendant CITI and demanded full repayment of the principal of Plaintiffs' alleged debt. Id. at ¶ 44.

The fact that the collection agencies represented themselves as agents working on behalf of the CITIBANK Defendants is significant, since the collection agencies by law cannot make any "false, deceptive or misleading" statements regarding who they represent. 15 U.S.C. § 1692e. Given that proscription, the Court must assume they followed the law and correctly represented by Plaintiffs who they represented as set forth in the TAC.

The Court concludes that Plaintiffs have alleged enough facts, for purposes of surviving a motion to dismiss, that the CITIBANK defendants shared an agency relationship with the collection agencies.

### 2. Statute of Limitations.

The CITIBANK Defendants next argue that Plaintiff Quinlan's Rosenthal Act claim is time-barred in any event because the TAC does not specifically allege conduct by the CITIBANK Defendants which occurred within one year before the filing of Plaintiffs' complaint on April 13, 2011.

///
///
///

The so-called "continuing violation doctrine," however, allows Plaintiffs to overcome the defendants' statute of limitations defense. "The key is whether the conduct complained of constitutes a continuing pattern and course of conduct as opposed to unrelated discrete acts. If there is a pattern, then the suit is timely if 'the action is filed within one year of the most recent [violation]' [citation], and the entire course of conduct is at issue." Komarova v. Nat'l Credit Acceptance, Inc., 175 Cal. App. 4th 324, 343, 95 Cal. Rptr. 3d 880, 894 (2009) citing Joseph v. J.J. MacIntyre Companies, L.L.C., 281 F. Supp. 2d 1156, 1161 (N.D. Cal. 2003). Determining whether the myriad phone calls constitute a "continuing pattern" as opposed to unrelated acts is a fact-intensive matter not amenable to disposition on a motion to dismiss.

In this case, a reasonable trier of fact could plausibly find that the pattern of calls received by the Plaintiffs satisfies the continuing violation doctrine. Each of the CITIBANK Defendants, through their alleged agents, did contact the Plaintiffs within one year of the filing date of the Plaintiffs' complaint on April 13, 2011. In fact, both CITI and CFI contacted the Plaintiffs through their respective alleged agents even after the complaint was filed, according to the TAC.[4] CMI contacted the Plaintiffs on July 15, 2010, also within the one year period of the filing date. TAC, ¶ 36.

///

---

[4] CFI, through Defendant Pentagroup Financial, contacted Plaintiff Betzler as recently as July 26, 2011. (TAC, ¶ 42). CITI, through Defendant Nationwide Credit Recovery, contacted Plaintiff Quinlan on August 3, 2011. (TAC, ¶ 44).

9

A reasonable trier of fact could find that these recent contacts were part of a continuous pattern of contact with the Plaintiffs.

This court cannot conclude at this juncture that Plaintiff Quinlan's Rosenthal Act claim is time barred. CITIBANK Defendants' Motion to Dismiss therefore fails on that ground as well.

**C.  Breach of Contract Claim.**

CITIBANK Defendants argue that Plaintiff Quinlan fails in her Opposition to sufficiently establish that CFI and CITI were parties to her contract. According to CITIBANK Defendants, Plaintiff Quinlan's claims are merely conclusory and do not provide facts which would plausibly establish that CFI or CITI became parties to the contract through "transfer, assignment or some other means."  (Opposition p. 8:7-8.)

However, Plaintiffs do provide facts which, when viewed in the light most favorable to Plaintiffs, are enough to survive a motion to dismiss. Pentagroup, a collection agency allegedly working on behalf of CFI, represented that CFI had the authority to reconvey the lien on the home owned by Plaintiffs, which would have required CFI be a party to the contract. (Opposition p. 8:9-11.)  As indicated above, collection agencies who contacted Plaintiffs represented both CFI and CITI as their clients.  With respect to CITI, Plaintiffs have also alleged that there was an assignment or transfer of the debt from CMI to CITI. TAC, ¶ 36.  It is plausible for pleading purposes that CITI, like CFI, was made a party to the contract.

10

The motion to dismiss the breach of contract claim must therefore be denied.

**D.  Invasion of Privacy Claim**

Because the Court has already determined that the collection agencies, at least for pleading purposes, were working as agents on behalf of the CITIBANK Defendants, Plaintiff may have established a viable Invasion of Privacy claim, as pled in their sixth claim for relief, by virtue of the agencies' allegedly intrusive collection efforts both by mail and by telephone.

To state a viable invasion of privacy claim premised on intrusion, Plaintiffs must show: (1) intrusion into a private place, conversation or matter, and (2) in a manner highly offensive to a reasonable person. Shulman v. Group W Productions, Inc., 18 Cal. 4th 200, 231, 955 P.2d 469, 490 (1998).

**1.  Intrusion into a Private Place**.

Courts have held that "repeated and continuous calls in an attempt to collect a debt give rise to a claim for intrusion upon seclusion." Fausto v. Credigy Services Corp., 598 F. Supp. 2d 1049, 1056 (N.D. Cal. 2009) citing Panahiasl, 2007 WL 738642, at *3.  The Fausto court dismissed a motion for summary judgment on the grounds that the issue of whether continuous calls sufficiently establish an intrusion upon seclusion claim is fact-intensive.  Id.

11

A number of courts have held that phone calls into a home can potentially constitute an intrusion into a private place for purposes of the first element. See generally Fausto v. Crediqy Services Corp., 598 F. Supp. 2d 1049, 1056 (N.D. Cal. 2009) citing Panahiasl, 2007 WL 738642, at *3. Joseph v. J.J. MacIntyre Companies, LLC., 238 F. Supp. 2d 1158, 1169-1170 (N.D. Cal. 2002). Other cases have granted motions to dismiss claims for intrusion on the "offensive manner" element, but have implied that repeated phone calls to the home of the Plaintiff can constitute an intrusion into a private place. See Marseglia v. JP Morgan Chase Bank, 750 F. Supp. 2d 1171 (S.D. Cal. 2010), Castellanos v. JPMorgan Chase & Co., 09-CV-00969-H, 2009 WL 1833981 (S.D. Cal. June 23, 2009). Therefore, a reasonable trier of fact could conclude that the numerous phone calls and mailings to the Plaintiffs satisfy the first element of the intrusion tort as a continued intrusion into a private place.

**2.   Highly Offensive to a Reasonable Person.**

Likewise, a reasonable trier of fact could find that the contacts were highly offensive to a reasonable person. In determining the "offensiveness" of an invasion of a privacy interest, common law courts consider, among other things: "the degree of the intrusion, the context, conduct and circumstances surrounding the intrusion as well as the intruder's motives and objectives, the setting into which he intrudes, and the expectations of those whose privacy is invaded." Deteresa v. Am. Broad. Companies, Inc., 121 F.3d 460, 465 (9th Cir. 1997).

Whether contacts were highly offensive should only be dismissed as a matter of law "... if the undisputed material facts show no reasonable expectation of privacy or an insubstantial impact on privacy interests."  Id.

This Court cannot find as a matter of law that numerous phone calls and mailings demanding collection of a non-existent debt, accompanied by the underlying threat of losing one's home, would not be highly offensive to a reasonable person.  As recognized by the Ninth Circuit in Deteresa, whether or not the particular circumstances of the case are indeed highly offensive is a matter to be determined by the trier of fact.

Both elements of the intrusion tort could reasonably be found to be present given the allegations present in the TAC. Therefore, the Defendants' Motion to Dismiss Plaintiff's invasion of privacy claim (premised on intrusion into seclusion) is denied.

**CONCLUSION**

For all the foregoing reasons, CITIBANK Defendants' Motion to Dismiss Plaintiffs' Third Amended Complaint (ECF No. 20) is denied in its entirety.

IT IS SO ORDERED.

Dated: June 21, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

13