UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN QUINLAN, aka KAREN BETZLER, an individual; and BOB BETZLER, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>CITIMORTGAGE, INC., a New York Corporation; GC SERVICES LIMITED PARTNERSHIP, a Delaware Partnership; ALLIED INTERNATIONAL CREDIT CORP., a Canadian Corporation; and NATIONWIDE CREDIT RECOVERY, a California Corporation,<br><br>Defendants. | No. 2:11-cv-00986-MCE-EFB<br><br>**MEMORANDUM AND ORDER** |

Presently before the Court is Defendant Nationwide Credit Recovery, Inc.'s ("Defendant") Motion to Dismiss Plaintiffs' claims against it without leave to amend for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[1]  (ECF No. 49.)

///

///

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

1

In violation of Local Rule 230(c), Plaintiffs have not filed an opposition or statement of non-opposition.  In this case, Plaintiffs essentially allege various business entities, including Defendant, violated various California and federal debt-collection laws in collecting on Plaintiffs' mortgage debt.  Defendant moves to dismiss Plaintiffs' claims against it, arguing Plaintiffs' Federal Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788 et seq. ("Rosenthal Act") claims are time-barred by the statutes of limitations.  Moreover, Defendant argues Plaintiffs' allegations in their Third Amended Complaint ("TAC") (ECF No. 25) fail to state a claim for invasion of privacy under California tort law.  For the reasons stated below, Defendant's motion is GRANTED IN PART.

## STANDARD

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the non-moving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant a fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (1997) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations.  Id.  However, "a plaintiff's obligations to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. (citations and internal quotation marks omitted).  A court is not required to accept as true a "legal conclusion couched as a factual allegation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

"Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than a "statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2) . . . requires a 'showing,' rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (citations and internal quotation marks omitted). "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Wright & Miller, supra, § 1202). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

## ANALYSIS

**A.  FDCPA and Rosenthal Act Claims**

The statutes of limitations for private claims under both the FDCPA and the Rosenthal Act are one year from the date of the violation. 15 U.S.C. § 1692k(d); Cal. Civ. Code § 1788.30(f); Mangum v. Action Collection Serv., Inc., 575 F.3d 935, 939 (9th Cir. 2009). According to Plaintiffs' third amended complaint, the last alleged violation occurred on August 3, 2011. (TAC ¶ 44.) As a result, Plaintiffs' FDCPA and Rosenthal Act claims ran on August 3, 2012, more than five months before Plaintiffs served Defendant on January 16, 2013.

Thus, unless Plaintiffs' TAC relates back under Federal Rule of Civil Procedure 15(c), the FDCPA and Rosenthal Act claims are time barred.

For a claim to relate back to the initial filing of the suit, "Rule 15(c)(3) requires notice within the time period provided by Rule 4(m) [120 days] when the amendment seeks to change the party." Miguel v. Country Funding Corp., 309 F.3d 1161, 1165 (9th Cir. 2002).

Here, Plaintiffs did not serve Defendant within 120 days of amending to add Defendant a party. (J. Status Report ¶ 2, ECF No. 41.) Thus, Plaintiffs' claims against Defendant do not relate back under Rule 15(c). Therefore, Plaintiffs' claims ran on August 3, 2012, and Defendant's Motion to Dismiss Plaintiffs' FDCPA and Rosenthal Act claims asserted against Defendant is GRANTED WITHOUT LEAVE TO AMEND.

**B. Invasion of Privacy Claim**

Under California law, "[o]ne who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person." Shulman v. Grp. W Prods., Inc., 18 Cal. 4th 200, 231 (1998) (quoting Restatement (Second) of Torts § 652B (1977)).

Here, Defendant's motion correctly points out that Plaintiffs' TAC only alleges Defendant sent two debt-collection letters to Plaintiffs. (TAC ¶¶ 36, 37, 44.) As in Puttner v. Debt Consultants of Am., Plaintiffs' TAC "does not allege the content of [Defendant's] alleged communications, or the frequency . . . of the alleged communications that give rise to the invasion of privacy claim." No. 09-CV-123 WQH (NLS), 2009 WL 1604570, at *6 (S.D. Cal. June 4, 2009).

Therefore, Plaintiffs fail to state an invasion of privacy claim against Defendant, and this portion of Defendant's motion is GRANTED WITH LEAVE TO AMEND.

///

**CONCLUSION**

Therefore, IT IS HEREBY ORDERED that,

1. Defendant's motion to dismiss Plaintiffs' FDCPA and Rosenthal Act claims against it (ECF No. 49) is GRANTED WITHOUT LEAVE TO AMEND.
2. Defendant's motion to dismiss Plaintiffs' invasion of privacy claim (ECF No. 49) is GRANTED WITH LEAVE TO AMEND.

IT IS SO ORDERED.

Dated:  July 1, 2013

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT