**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION**

| | |
|---|---|
| KAREN QUINLAN aka KAREN BETZLER, an individual; BOB BETZLER, an individual,<br><br>        Plaintiff,<br><br>v.<br><br>CITIMORTGAGE, INC., a New York Corporation; ALLIED INTERNATIONAL CREDIT CORP., a Canadian Corporation; and NATIONWIDE CREDIT, INC., a Georgia Corporation; PENTAGROUP FINANCIAL, LLC, a Texas Limited Liability Company; AMERICAN CORADIUS INTERNATIONAL, LLC., a Delaware Limited Liability Company; CITIFINANCIAL, INC., a Maryland Corporation; CITIBANK, NATIONAL ASSOCIATION, a federally-chartered National Bank<br><br>        Defendants. | Case No.: 11:cv-00986-MCE-EFB<br><br>**ORDER ON STIPULATED PROTECTIVE ORDER**<br><br>Trial Date:        Aug. 18, 2014<br>Discovery Cut-off:  Oct. 17, 2013<br>Motion Cut-off:    April 17, 2014<br>Action Filed:      April 13, 2011 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

      **PLEASE TAKE NOTICE THAT** the Court having read and considered the Stipulated

Protective Order between Plaintiffs, KAREN QUINLAN aka KAREN BETZLER, an individual and

BOB BETZLER, an individual ("Plaintiffs") and Defendants CITIMORTGAGE, INC., CITIBANK,

N.A., CITIFINANCIAL, INC., AMERICAN CORADIUS INTERNATIONAL, LLC, ALLIED

INTERNATIONAL CREDIT CORP., (US), erroneously sued as ALLIED INTERNATIONAL

1

1513565.1

CREDIT CORP. and PENTAGROUP FINANCIAL, LLC ("Defendant") hereby orders as follows:

**IT IS HEREBY ORDERED:**

1.      In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Stipulated Protective Order (hereinafter "Order").  Confidential information is information which has not been made public and which concerns or relates to Defendants' business operations and contractual relationships, certain of which may be of a sensitive, confidential, have proprietary character,  may constitute or contain trade secrets, financial information or other confidential research development or commercial information ("Confidential Information").  By designating a document, thing, material, testimony or other information derived therefrom as "confidential," under the terms of this order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

2.      Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL."  Stamping the legend 'CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

3.      Testimony taken at a deposition, conference, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

4.      Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

5.      Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to retained counsel and corporate counsel for a party (including the

1513565.1

1    paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons"

2    designated below:

        a.   A party, or an officer, director, or employee of a party deemed necessary by counsel

3

4                to aid in the prosecution, defense, or settlement of this action;

5            b.   Experts or consultants (together with their clerical staff) retained by such counsel to

6                assist in the prosecution, defense or settlement of this action;

7            c.   Court reporter(s) employed in this action;

8            d.   A witness at any deposition or other proceeding in this action; and

9            e.   Any other person as to whom the parties in writing agree.

10        Prior to receiving any Confidential Material, each "qualified person" shall be provided with a

11   copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy

12   of which shall be provided forthwith to counsel for each other party and for the parties.

13        6.     Depositions shall be taken only in the presence of qualified persons.

14        7.     The parties may further designate certain discovery material or testimony of a highly

15   confidential and/or proprietary nature as "CONFIDENTIAL – ATTORNEYS' EYES ONLY"

16   (hereinafter "Attorneys' Eyes Only Material").  In order to designate Attorneys' Eyes Only Material,

17   a party shall produce to the other party or parties documents so designated by stamping them as set

18   forth in paragraph 2 but with the legend "Confidential Attorneys' Eyes Only Material."  In addition,

19   for each document, the party shall indicate the basis for its designation.  Within five business days,

20   the other party or parties shall indicate in writing to the producing party whether it objects to the

21   Attorneys' Eye Only designation.  For each document, the objecting party shall indicate its objection

22   and a reasonable basis for such objection.

23        If no other party objects, the designated documents shall be disclosed only to the Court to

24   counsel for the parties (including the paralegal, clerical and secretarial staff employed by such

25   counsel), and to the "qualified persons" listed in subparagraphs 5(b) through (e) above, but shall not

26   be disclosed to a party, or to an officer, director or employee of a party, unless otherwise agreed to or

27   ordered.  If disclosure is made pursuant to this paragraph, all other provisions in this order with

28   respect to confidentiality shall also apply.

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW
W&W

3

1513565.1

If a party objects to the designation of certain documents as Attorneys' Eyes Only Material, within fourteen calendar days, the producing party shall file with the court a written request appropriate under applicable Local Rules and Federal Rules of Civil Procedure to so designate the documents Attorneys' Eyes Only Material.  If the producing party fails to file such a written request with notice within fourteen calendar days, all parties shall treat the documents as Confidential Material under the stipulation.  All parties may re-label or re-stamp the documents as "CONFIDENTIAL."  If the producing party files such a written request, all parties shall treat the documents as Attorneys' Eyes Only Material until a court ruling on the written request.

8.    Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

9.    If Confidential Material, including any portion of a deposition transcript designated as Confidential or Attorney's Eyes Only, is included in any papers to be filed in Court, such papers shall be labeled "Confidential - - Subject to Protective Order."  Such material may further be filed under seal, at the Court's discretion.  The disclosure and use at trial of Confidential Material is not hereby barred, but rather, is subject to the Court's approval.

10.    In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.  The disclosure and use at trial of Confidential Material is not hereby barred, but rather, is subject to the Court's approval.

11.    The Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under FRCP 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.  This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

12.    This Order is entered solely for the purpose of facilitating the exchange of documents

4

ORDER ON STIPULATED PROTECTIVE ORDER – 11:CV-00986

1513565.1

1   and information between the parties to this action without involving the Court unnecessarily in the

2   process.  Nothing in this Order nor the production of any information or document under the terms

3   of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an

4   admission or waiver by either party or of altering the confidentiality or non-confidentiality of any

5   such document or information or altering any existing obligation of any party or the absence thereof.

6          13.      This Order shall survive the final termination of this action, to the extent that the

7   information contained in Confidential Material is not or does not become known to the public, and

8   the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed

9   hereunder.  Upon termination of this case, counsel for the parties shall assemble and return to each

10  other all documents, material and deposition transcripts designated as confidential and all copies of

11  same, or shall certify the destruction thereof.

12          IT IS SO ORDERED.

13  Dated:  March 7, 2014

14

15  _____
    MORRISON C. ENGLAND, JR., CHIEF JUDGE
16  UNITED STATES DISTRICT COURT

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER ON STIPULATED PROTECTIVE ORDER – 11:CV-00986**

1513565.1

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

W&W