Philip J. Rhodes, SBN 161537
PHIL RHODES LAW CORPORATION
P.O. Box 2911
Fair Oaks, CA 95628
(916) 295-1222
(916) 720-0403 fax
*pjrhodes@philrhodeslaw.com*

Attorney for Plaintiff

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN QUINLAN aka KAREN BETZLER, an individual; BOB BETZLER, an individual,<br><br>Plaintiff(s),<br><br>v.<br><br>CITIMORTGAGE, INC., a New York Corporation; GC SERVICES LIMITED PARTNERSHIP, a Delaware Partnership; ALLIED INTERNATIONAL CREDIT CORP., a Canadian Corporation; and NATIONWIDE CREDIT RECOVERY, a California Corporation.<br><br>Defendant(s). | Case No. 2:11-cv-00986-MCE-EFB<br><br>**STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:   April 17, 2014<br>Time:  2:00 p.m.<br>Place:  Courtroom 7<br>         501 I Street, 14th Floor<br>         Sacramento, CA 95814<br>Judge: Hon. Morrison C. England |

A. Karen Quinlan Fully Performed the Provisions of the March 1999 Promissory Note. Accordingly, the Court Should Grant Partial Summary Judgment to Karen Quinlan Against Citibank, N.A. on Her Fourth Claim for Relief for Breach of Contract on the Issue of Liability Only

| | |
|---|---|
| 1. About March 18, 1999, Karen Quinlan borrowed $7,152.15 from California Rural Home Mortgage Finance Authority (CRHMFA) to help finance her purchase of a single family residence commonly known | |

-1-
**STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

| | | |
|---|---|---|
| | as 5009 Tufts Street, Sacramento, California 95841 (Quinlan Property)<br><br>Declaration of Karen Quinlan, ¶3, Exhibit A. | |
| | 2. In conjunction with borrowing this sum, she signed a written promissory note to memorialize the terms.<br><br>Declaration of Karen Quinlan, ¶3, Exhibit A. | |
| | 3. In addition, to secure her performance of the loan's terms, she signed a deed of trust granting CRHMFA a second priority lien against the Quinlan Property.<br><br>Declaration of Karen Quinlan, ¶3, Exhibit A. | |
| | 4. Paragraph 2 of the Promissory Note states:<br><br>Partial and full forgiveness of Note. Beginning on the ninth anniversary from the date hereof, deferred interest under this Note shall be forgiven. The principal due under this Note shall be reduced from five percent (5%) to two percent (2%) of the original First Note Amount. Beginning on the tenth anniversary from the date hereof, all principal and deferred interest repayment obligations shall be forgiven free and clear. (emphasis added).<br><br>Declaration of Karen Quinlan, ¶3, Exhibit A. | |
| | 5. Paragraph 4 of the Promissory Note states:<br><br>Repayment of Loan Principal and Interest. Borrower shall repay to Lender the principal, interest and any other amounts due under this Note on the earliest of the following | |

| | |
|---|---|
| occurrences:<br><br>When the note ("First Note') secured by a deed of trust ("First Deed") of first priority on the Property becomes due and payable;<br>When the First Note is paid in full;<br>When the First Note is refinanced or assumed; or<br>When the Property is sold.<br><br>Declaration of Karen Quinlan, ¶3, Exhibit A. | |
| 6. None of the events set forth in Paragraph 4 occurred prior to the tenth anniversary from the original Promissory Note date, which occurred on March 18, 2009.<br><br>Declaration of Karen Quinlan, ¶¶ 3, 12-14; Exhibits A, G, H and I. | |
| 7. Therefore, pursuant to the Promissory Note's terms, and specifically, Paragraph 2's terms, Karen Quinlan's obligation to repay any amount of the Promissory Note was "forgiven free and clear."<br><br>Declaration of Karen Quinlan, ¶ 3, 12-14; Exhibits A, G, H and I. | |
| 8. As of March 18, 2009, based on the forgiveness provision, Karen Quinlan did not owe any amount of the Promissory Note.<br><br>Declaration of Karen Quinlan, ¶ 3, 12-14; Exhibits A, G, H and I. | |
| 9. Nevertheless, on March 18, 2009, CitiMortgage, Inc. commenced its collection efforts on behalf of Citibank, N.A., the actual owner of the Promissory Note.<br><br>Declaration of Karen Quinlan, ¶ 6, Exhibit B.  Declaration of Philip Rhodes, ¶ 3; Exhibit M, pp. 125:20 - 127:25. | |
| 10. Over the next several months, | |

-3-
**STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

| | |
|---|---|
| | CitiMortgage mailed Karen Quinlan numerous letters to collect the principal balance of the Promissory Note of $7,152.15 on behalf of Citibank, N.A. (Citibank)<br><br>Declaration of Karen Quinlan, ¶¶ 6-9, 10-11; Exhibits B-F. | |
| 11. | Karen Quinlan and her husband, Bob Betzler, asserted that Karen Quinlan's Promissory Note was forgiven and that Karen Quinlan did not owe CitiMortgage any amount on the Promissory Note.<br><br>Declaration of Karen Quinlan, ¶ 9. | |
| 12. | About October 16, 2009, CitiMortgage acknowledged that Karen Quinlan did not owe CitiMortgage any amount on the Promissory Note.<br><br>Declaration of Karen Quinlan, ¶ 12; Exhibit 12. | |
| 13. | About October 20, 2009, CitiMortgage signed a substitution of trustee, and the trustee signed a reconveyance of the Deed of Trust, and duly recorded these documents with the Sacramento County Recorder.<br><br>Declaration of Karen Quinlan ¶ 12; Exhibit 12. | |
| 14. | About November 17, 2009, CitiMortgage mailed Karen Quinlan a letter stating that it had removed all derogatory information from her credit reports associated with CitiMortgage's allegations that she had not made payments from March 2009 through July 2009.<br><br>Declaration of Karen Quinlan, ¶ 13; Exhibit H. | |
| 15. | About December 22, 2009, CitiMortgage mailed Karen Quinlan a letter stating that it had removed | |

**STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

| | |
|---|---|
| all derogatory information from her credit reports associated with CitiMortgage's allegations that she had not paid the account satisfactorily. Declaration of Karen Quinlan, ¶ 14; Exhibit I. | |

B. Allied, American Coradius and Pentagroup Each Violated the Fair Debt Collection Practices Act. The Court Should Grant Partial Summary Judgment on Liability Only on the First Claim for Relief for Violation of the Fair Debt Collection Practices Act.

| | |
|---|---|
| 16. Karen Quinlan is a consumer as defined by the Fair Debt Collection Practices Act (FDCPA). Declaration of Karen Quinlan, ¶¶ 1, 2. | |
| 17. Allied is a debt collector as defined by the FDCPA. Declaration of Quinlan, ¶ 5; Exhibit J. | |
| 18. American Coradius is a debt collector as defined by the FDCPA. Declaration of Karen Quinlan ¶ 16; Exhibit K. | |
| 19. Pentagroup is a debt collector as defined by the FDCPA. Declaration of Karen Quinlan, ¶ 17; Exhibit L. | |
| 20. The debt of $7,152.15 allegedly owed is a debt as defined by the FDCPA. Declaration of Karen Quinlan, ¶¶ 3,4; Exhibit A. | |
| 21. Allied International sent Quinlan a written demand letter demanding payment of the alleged debt. Declaration of Karen Quinlan, ¶ 15; Exhibit J. | |
| 22. At the time Allied International | |

**STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

| | |
|---|---|
| contacted Quinlan, she did not owe the alleged debt of $7,152.15.<br><br>Declaration of Karen Quinlan, ¶¶ 3, 4, 12-14; Exhibits A, G, H, and I. | |
| 23. Pentagroup sent Quinlan a letter demanding that she pay the alleged debt of $7,152.15.<br><br>Declaration of Karen Quinlan, ¶ 17; Exhibit L | . |
| 24. At the time Pentagroup contacted Quinlan, she did not owe the alleged debt.<br><br>Declaration of Karen Quinlan, ¶¶ 3, 4, 12-14; Exhibits A, G, H, and I. | |
| 25. American Coradius sent Quinlan a letter demanding that she pay the alleged debt, threatening her with additional interest, late charges and "other charges."<br><br>Declaration of Karen Quinlan, ¶ 16, Exhibit K | . |
| 26. At the time American Coradius contacted Quinlan, she did not owe the alleged debt.<br><br>Declaration of Karen Quinlan, ¶¶ 3, 4, 12-14; Exhibits A, G, H, and I. | |

C. Allied, American Coradius and Pentagroup and Citimortgage Each Violated the California Rosenthal Act. The Court Should Grant Partial Summary Judgment on Liability Only on the Second Claim for Relief for Violation of the California Rosenthal Act.

| | |
|---|---|
| 27. Karen Quinlan is a consumer as defined by the California Rosenthal Act.<br><br>Declaration of Karen Quinlan, ¶¶ 1, 2. | |
| 28. Karen Quinlan is a debtor as defined by the California Rosenthal Act.<br><br>Declaration of Karen Quinlan, ¶¶ 1-4. | |
| 29. Allied is a debt collector as defined | |

-6-
**STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

| | | |
|---|---|---|
| | by the California Rosenthal Act.<br><br>Declaration of Karen Quinlan, ¶ 15; Exhibit J. | |
| | 30. American Coradius is a debt collector as defined by the California Rosenthal Act.<br><br>Declaration of Karen Quinlan ¶ 16; Exhibit K. | |
| | 31. Pentagroup is a debt collector as defined by the California Rosenthal Act<br><br>Declaration of Karen Quinlan, ¶ 17; Exhibit L. | |
| | 32. The debt of $7,152.15 allegedly owed is a consumer debt or consumer credit as defined by the California Rosenthal Act.<br><br>Declaration of Karen Quinlan, ¶ 3, 4; Exhibit A. | |
| | 33. Allied International sent Quinlan a written demand letter demanding payment of the alleged debt.<br><br>Declaration of Karen Quinlan, ¶ 15; Exhibit J | |
| | 34. At the time Allied International contacted Quinlan, she did not owe the alleged debt of $7,152.15.<br><br>Declaration of Karen Quinlan, ¶¶ 3, 4, 12-14; Exhibits A, G, H, and I. | |
| | 35. Pentagroup sent Quinlan a letter demanding that she pay the alleged debt of $7,152.15.<br><br>Declaration of Karen Quinlan, ¶ 17; Exhibit L. | |
| | 36. At the time Pentagroup contacted Quinlan, she did not owe the alleged debt.<br><br>Declaration of Karen Quinlan, ¶¶ 3, | |

-7-

**STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

| | |
|---|---|
| 4, 12-14; Exhibits A, G, H, and I. | |
| 37. American Coradius sent Quinlan a letter demanding that she pay the alleged debt, threatening her with additional interest, late charges and "other charges." <br><br>Declaration of Karen Quinlan, ¶ 16, Exhibit K. | |
| 38. At the time American Coradius contacted Quinlan, she did not owe the alleged debt. <br><br>Declaration of Karen Quinlan, ¶¶ 3, 4, 12-14; Exhibits A, G, H, and I. | |
| 39. Citimortgage sent Quinlan numerous letters and made numerous phone calls demanding payment of the alleged debt, threatening negative credit reporting, threatening foreclosure, and threatening legal action if she failed to pay the alleged debt. <br><br>Declaration of Karen Quinlan, ¶¶ 6-11, Exhibits B-F. | |

Dated: March 13, 2014    PHIL RHODES LAW CORPORATION


/s/ Philip J. Rhodes
_____
PHILIP J. RHODES
Attorney for Plaintiff

-8-
**STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**